CONNECTICUT RIVER SAVINGS BANK ET AL., APPELLEES, v. W. L. BARRETT ET AL, APPELLEES, AND CHAS. PHILPOT, APPELLANT.

[FILED JANUARY 5, 1892.]

**School Lands:** FRAUDULENT ASSIGNMENT OF CERTIFICATE OF PURCHASE. One W. L. B., an insolvent debtor, was the owner of a school land certificate of purchase issued by the state, covering forty acres of land, on which the amount of unpaid purchase money was $384. The certificate was assigned to P., who at the time had knowledge of the insolvency of W. L. B. No consideration was paid by P. to W. L. B. for the land, nor did

he promise to pay him anything therefor. Subsequently P. paid the amount due the state and took the deed in his own name. The land was worth $1,200. *Held,* That P. was only entitled to a lien on the land for the amount paid the state, with interest on said sum; and, subject to such lien, the land was liable to the payment of certain judgments recovered against W. L. B.

APPEAL from the district court for Cass county. Heard below before CHAPMAN, J.

*H. D. Travis,* and *B. A. Gibson,* for appellant, cited : *Lipp v. Land Syndicate,* 24 Neb., 698; *Newman v. Edwards,* 22 Id., 259 ; *Brown v. Pierce,* 7 Wall. [U. S.], 205 ; Freeman, Judgments, sec. 357 ; *Swartz v. Stees,* 2 Kan., 236; *Wilson v. Burney,* 8 Neb., 39; *Nessler v. Neher,* 18 Id., 651.

*Byron Clark,* and *E. H. Wooley,* for the judgment creditors, cited : *Traphagen v. Irwin,* 18 Neb., 198; Story, Eq. Jur., sec. 349.

NORVAL, J.

This suit was brought in the court below by the Connecticut River Savings Bank to foreclose a mortgage given to it by W. L. Barrett, Elizabeth Barrett, and P. A. Barrett, on the southeast quarter of section 25, township 11 north, range 11 east, in Cass county. Charles Philpot, being a subsequent mortgagee, was made a party defendant. The other defendants are judgment creditors of the mortgagors, who claim that their judgments are liens upon the land.

The appellant, Charles Philpot, filed his answer and cross-bill in the court below, setting up his mortgage for $1,300 and interest, and praying a decree of foreclosure.

The judgment creditors filed answers in the nature of creditors' bills, setting up their judgment liens, and alleging in substance that the note and mortgage mentioned in the cross-petition of Philpot were given for a

fictitious debt, for the sole purpose of aiding the Bar-
retts to cheat and defraud their creditors, and particularly
the defendants herein, and for the same fraudulent purpose
the said Charles Philpot pretends to be the owner of the
northwest quarter of the northeast quarter of section 36,
town 11 north, of range 11 east of the sixth principal
meridian, when in truth and in fact it belongs to said W.
L. Barrett, who purchased the same from the state, the
title therefor being taken in Philpot's name; that Philpot
claims to have paid the consideration to the state, in about
the sum of $400; that if Philpot paid the said sum, it is
the only *bona fide* debt owing by said Barrett to him;
that Philpot holds the legal title to said land for the ben-
efit of said Barrett, and that said Barrett is insolvent.

The prayer is that the mortgage given to Philpot be
declared fraudulent and void; that the title to the north-
west quarter of the northeast quarter of said section 36
be decreed to be in said Barrett, and that the same be sold
and applied in payment of the several judgments of the
defendants according to their priority.

No answer was filed to the cross-petitions.

The district court found that there was due the plaintiff,
on its note and mortgage, the sum of $2,732, and that the
defendant Philpot guaranteed the payment of the same and
is liable for any deficiency that may be due thereon after
the sale of the mortgaged premises, and that plaintiff's
mortgage is a second lien upon the lands therein described,
being subject to a mortgage to one Henry Du Bois.

The court further found that Charles Philpot has a third
lien upon the same land for the amount of his mortgage;
that W. L. Barrett is the owner of the northwest quarter of
the northeast quarter of said section 36; that the convey-
ance of said forty acres to Philpot was to indemnify him
for the sum of $384 advanced by him for Barrett, and
was taken to defeat the valid claims of the creditors of
said Barrett; and that Philpot has a first lien upon said

premises for the sum of $384 and interest; that the judg-
ment creditors are entitled to liens upon said land in the
order in which their judgments were filed, subject to the
lien of said Philpot. The real estate was ordered sold
and that the proceeds thereof be applied in satisfaction of
the sums found due, in the order of their priority. The
defendant Philpot appeals from that part of the decree
which affects the forty-acre tract in section 36, claiming
that it is not supported by the evidence.

It appears in evidence that the defendant W. L. Barrett,
at the time of the making of the mortgage to the Con-
necticut River Savings Bank, held a school land certificate
of purchase issued by the state for the northwest quarter of
the northeast quarter of section 36, town 11, range 11, in
Cass county, and as additional security for the indebtedness
covered by plaintiff's mortgage Barrett assigned said
school land certificate to B. A. Gibson, as agent for the
plaintiff, who held the certificate as such security until
about the 25th day of December, 1889, when, in consider-
tion of the appellant Philpot guaranteeing the payment of
the note of Barrett to the Connecticut River Savings
Bank, being the note described in the plaintiff's petition,
Gibson assigned the certificate of purchase to Philpot, who
guaranteed in writing the payment of plaintiff's note, and
at the same time signed with Barrett a note to Gibson for
$430 to cover the past due unpaid interest upon such note.
Just prior to the transfer of the certificate to Philpot, he
went to Barrett, according to his own testimony, and in-
quired what he was going to do with the land—the amount
due the state had to be shortly paid or the contract would
be canceled—to which Barrett replied he could not do any-
thing as he did not have the money to pay it off, but if
Philpot could make any arrangement with Gibson to pay
out on the land he might do so. Nothing was paid by
Philpot to Barrett for the land, nor did he agree to pay him
anything therefor. The land was worth $1,200, and the

amount due the state was $384, which Philpot paid and took the deed in his own name. Barrett's equity in the land was worth over $800, and at the time of the assignment of the certificate to appellant, Barrett was insolvent. Philpot knew of these judgments against Barrett and of the failure to collect them. For some time all of Barrett's personal property had been, and was then, mortgaged to appellant, who permitted the mortgagor to handle and sell the property without objection. Some of the mortgages, doubtless, were given to secure *bona fide* debts, but as to the others, the evidence as to good faith is very unsatisfactory. The state of the proof justified the trial court in finding that Philpot was not the absolute owner of the school land, but that he held the title in trust for Barrett, subject to his lien thereon for the amount paid the state to obtain the title. The appellant having paid the balance of the purchase money to the state, he was entitled to a lien for that amount with interest, which the decree gives him.

Appellant contends that he is entitled to a lien upon the land to secure him against liability incurred in guaranteeing the note held by plaintiff and the $430 note given for past due interest. No claim of that kind was presented by the pleadings. Appellant did not answer the cross-petitions. He should have done so, setting up his liens, if any he had. Besides, there is no testimony tending to show that there was any arrangement or agreement between Barrett and Philpot that the latter should hold the land as security, but on the contrary that Barrett gave him his equity. Appellant cannot claim the land as security beyond the sum paid to the state to obtain the deed.

The judgment is

AFFIRMED.

THE other judges concur.